(66 Hun, 635; mem. report without opinion.)

### CINCINNATI NAT. BANK v. TILDEN et al.

### BROWN v. SAME.

(Supreme Court, General Term, Fifth Department. January 18, 1893.)

MORTGAGE—FORECLOSURE—DEFICIENCY—FUND IN RECEIVER'S HANDS.

In an action by a junior mortgagee to foreclose, in which the senior mortgagee was made and remained a party, a receiver was appointed for the benefit of all parties. A year and a half afterwards the senior mortgagee sued to foreclose, not having done so before to save costs in pursuance of an understanding with the junior mortgagee's attorneys, and in such action, the junior mortgagee withdrawing opposition, the property was sold, and, a deficiency resulting, the senior mortgagee moved for an order directing the payment to him of the funds from rents in the receiver's hands. His action was in good faith, and the junior mortgagee was not prejudiced. *Held,* that he was entitled to the fund, and did not forfeit his right by bringing the action.

Appeal from special term, Niagara county.

Action by the Cincinnati National Bank, a second mortgagee, against Myron H. Tilden, Jr., Thomas Brown, as administrator, and others, to foreclose a second mortgage; and action by Thomas Brown, as administrator, against Myron H. Tilden, and others, to foreclose the first mortgage. A foreclosure having been had in the second-named action, leaving a deficiency, Brown moved for an order directing the receiver of the rents and profits of the mortgaged property appointed in the first-named action to pay over to him the fund in his hands. The motion was denied, and Brown appeals. Reversed.

The opinion of the special term was as follows:

"Motion by Thomas Brown, as administrator, etc., for order directing moneys in hands of receiver to be paid to him. The receiver was appointed at the instance of the plaintiff in the first-entitled action. The plaintiff in the second-entitled action was made a party to the first suit, and the mortgage held by him was prior to the mortgage sought to be foreclosed in the first action. The plain-

tiff in the first action obtained the appointment of a receiver of the rents and income of the premises described in the mortgage to foreclose which that action was commenced. It secured such appointment at its own expense, and by reason of the fact that it considered the property inadequate to the payment of its claim against it, the mortgage described in the second-entitled action being prior to the mortgage held by the bank. By this action it became entitled to the benefit of its diligence over the senior mortgage, unless the senior mortgagee should apply for the appointment of a receiver, and obtain such appointment, when it would, from the time of such appointment, be entitled to the rents and profits if the property should prove insufficient to satisfy the amount of his claim. Insurance Co. v. Fleischauer, 10 Hun, 117; Ranney v. Peyser, 83 N. Y. 1. After the appointment of the receiver in the application of the bank the plaintiff in the second action commenced the foreclosure of his mortgage, but did not apply for the appointment of a receiver of the rents and income, nor ask that the receivership already established should be extended for his benefit. The receiver in this action was not appointed for the benefit of all the parties. He was appointed at the request of the bank, on its application, and for its protection. It was to receive the benefit arising from the appointment of the receiver, because the receivership was of the rents and income of the property, and not of the fund in which all would have a right to participate. In a foreclosure action this right of all to participate in the fund does not directly include the rents and profits of the premises while the litigation is pending. Insurance Co. v. Fleischauer, 10 Hun, 117–119. The bank had a right to apply for the appointment of the receiver of the rents and profits of the premises solely and in its own interest. It did so apply. It secured those rents and profits, which otherwise would have gone to the owner of the equity of redemption, as none of the other interested parties made the application. They did not see fit to avail themselves of the right which was provided for them. The bank did, and it should, reap the benefit of its superior diligence. After it has secured the benefits it cannot be justly deprived of those benefits. The motion is denied, with $10 costs. The receiver herein having made and filed his account, whereby he reports a balance in his hands as such receiver of the sum of $789.24 after deducting his commission allowed at $50.10, and there being no objections thereto, the same shall stand as his account; and the said receiver shall pay over said sum of $789.24 to the Cincinnati National Bank when the said bank shall procure and enter the final judgment in the said action brought by it, establishing the deficiency after the application of the amount realized upon the sale of the Union Switch & Signal ·Company stock, as provided for in the interlocutory judgment in said action."

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

Joseph W. Taylor, for appellant.

E. M. Ashley, for respondents.

LEWIS, J. Thomas Brown, as administrator, and the Cincinnati National Bank, each held a mortgage upon a farm in the county of Niagara, given by one Myron H. Tilden. Brown's mortgage was given to secure the payment of the sum of $5,500, and was the senior mortgage. The mortgage to the Cincinnati National Bank was given to secure the payment of certain promissory notes, amounting to about $7,000. An action was commenced by the bank in the supreme court in the month of February, 1889, for the foreclosure of its mortgage. Thomas Brown, as such administrator, was made one of the parties defendant. The plaintiff's complaint asked that the amount due and unpaid upon the Brown mortgage might be ascertained and paid out of the proceeds of the sale under the bank's foreclosure, or allowed to remain as a lien on the property in the hands of the purchaser. Patterson A. Reece was made a defendant in said action, as a subsequent lienor. Reece interposed an answer, in which he claimed that his judgment was a lien upon the mortgaged premises prior to the plaintiff's mortgage.

Brown appeared in said action by his attorneys, McNaughton & Taylor, but served no answer. In the month of June, 1889, a motion was made by the attorneys for the bank for the appointment of a receiver of the rents, issues, and profits of the mortgaged premises, and an order was made, the material parts of which are as follows:

"Upon the pleadings in this action, and upon the affidavit of Frank M. Ashley, * * * and upon the waiver of notice of this motion by the attorneys who have appeared herein, it is ordered that John E. Pound, Esq., of the city of Lockport, be, and he is hereby, appointed receiver of all the rents, issues, and profits of the mortgaged premises described in the complaint in this action. * * * And it is further ordered that the said receiver be empowered to collect and receive the said rents, issues, and profits, and to take and hold the same during the pendency of this action, and subject to the further order of this court."

The action of the bank came on for trial, and an interlocutory judgment therein was entered on the 1st day of July, 1890, which adjudged that the bank mortgage was superior to the lien of Patterson's judgment, and that the mortgage held by the defendant Brown as administrator was a prior lien to the bank mortgage, and was entitled to be paid out of the proceeds of the sale of said mortgaged premises, or allowed to remain as a lien upon the property in the hands of the purchaser. Said interlocutory judgment directed the sale of some stock held by the plaintiff as collateral to its mortgage, and directed that after the sale of said stock, and the application of the proceeds of the sale upon the plaintiff's claim, a final judgment and decree of foreclosure and sale should be awarded to the plaintiff. Soon after the commencement of the action, Brown's attorneys informed the plaintiff's attorneys by letter that the interest on Brown's mortgage was far in arrears, and that Brown would be obliged to commence a foreclosure of his mortgage unless the interest be paid at an early day; that Mr. Brown had no desire to make a bill of costs if the bank cared to take up the mortgage or pay the interest as it came due. This letter was written a few days subsequent to the appointment of the receiver. In the month of August following, a letter was received by Brown's attorneys from the Messrs. Ashley, plaintiff's attorneys, which stated:

"Our client does not seem inclined to advance the interest due on the Brown mortgage just at present, for the reason that, should the bank be beaten upon the trial, it could in no way recover the interest paid, as the Reece judgment would entirely cut off the bank mortgage. Mr. J. E. Pound, of this city, has been appointed receiver in this action, and we have no doubt there will soon be in his hands sufficient proceeds from the farm with which to pay the accrued interest on Mr. Brown's mortgage, and we think we can get an order, with the consent of the attorney who represents Mr. Reece, to have the money so received paid to Mr. Brown as interest."

Again, on July 12, 1890, the Messrs. Ashley wrote to the attorneys of Mr. Brown, stating, among other things:

"As you are aware, we have had a receiver of the farm appointed pending the litigation, and he has some money now in his hands. We have rented the farm the present year for a cash rental of $450, which is to be paid to the receiver the present season. We have asked in our pleadings that the amount of your mortgage be determined and paid out of the proceeds of the same, but, if the holder of that mortgage would prefer, we will make an application now to permit the receiver to pay the interest upon this first mortgage as far as the money in his hands will go now, and from time to time thereafter, until such interest is discharged. Any net proceeds in the hands of the receiver would necessarily be first applied to, and it will

be as satisfactory to us to have the money paid upon, the interest, as to have it remain in the hands of the receiver. We should have taken this course some time since, but we tried the case in November last, and expected an early decision, and did not expect this threatened appeal. The talk of appeal may not result in anything, but we will make this motion, if your clients desire, immediately upon such appeal being taken. If it is not taken, we can speedily procure a sale of the property."

In reply to this letter, Brown's attorneys wrote the Messrs. Ashley, under date of July 14, 1890:

"We have yours of the 12th inst. Since receiving it we have seen Mr. Thomas Brown, who, as administrator, holds the mortgage given by Tilden to Robert Brown. Mr. Brown advises us that he arranged,with you that, if an appeal was taken in your action, then his mortgage should be foreclosed at once; and, if the appeal is not taken, then he is to wait until the sale in your action. Mr. Brown also understands that the receiver has now only a very insignificant sum in his hands, and thinks that the arrangement with you should be fully carried out. If the sale in your action is to be unduly deferred on account of the collateral security mentioned by you, then we think our mortgage should be foreclosed without further delay."

No answer being received to this letter, and it coming to the knowledge of Mr. Brown that an appeal had been taken by Reece, an action was commenced in the month of September, 1890, for the foreclosure of the Brown mortgage. The Cincinnati National Bank, Mr. Reece, and the receiver were, with others, joined as defendants. The receiver interposed an answer, setting up, among other things, his appointment as receiver, and that he had leased the premises covered by the mortgage. Upon the motion of counsel for the plaintiff the receiver's answer was stricken out as frivolous. The Cincinnati National Bank interposed an answer, and pleaded in bar of the action of Mr. Brown the pendency of the action of the Cincinnati Bank against Brown and others. A motion was made by Brown's attorneys to strike out this answer as frivolous. The motion was denied. Shortly thereafter, and on February 28, 1891, a letter was received by the attorneys for Mr. Brown from the Messrs. Ashley, stating:

"On consultation with our client, the Cincinnati National Bank, we are inclined to believe that a better price will be obtained for the Tilden farm if it is sold this spring; and, as we are in a degree tied up by the appeal of Reece and the peculiar conditions of the interlocutory judgment in respect to the sale of the Switch & Signal stock in Pittsburg, I can see no better way to solve the problem than to withdraw the answer of the bank to your suit in foreclosure; and, if some arrangement can be made by which we can be assured of the expense being kept as low as is possible, we will withdraw this answer and let you proceed to an immediate sale."

This letter was followed by an arrangement by which the answer was withdrawn. Judgment of foreclosure and sale in the action was entered, and the sale of the premises took place. The premises brought upon the sale the sum of $5,000, leaving a deficiency of $2,005.97. Thereupon a motion was made in behalf of Mr. Brown, as administrator, for an order directing the receiver to pay to him, to apply upon his mortgage, the sum of $789.24, the amount in the receiver's hands over and above his expenses, disbursements, and commissions. The motion was denied, and from the order denying the motion this appeal was taken. This motion was made in both the bank and the Brown actions, while the receiver was appointed in the bank action, and upon the appli-

cation of the counsel for the bank.   He was appointed not especially for the benefit of the holder of the bank mortgage.   His appointment was general, for the benefit of any party who it should subsequently appear was entitled to the funds.   The court evidently concluded, on granting the motion, that the funds should not be received and held exclusively for the bank's benefit, but that they should be received and applied as equity should demand in the light of facts which might be thereafter disclosed during the litigation.   It appeared in the affidavits read in opposition to the motion that the propositions made by the attorneys for the bank to apply the rents in the hands of the receiver upon the Brown mortgage were made with the view on their part to prevent the making of costs by the commencement of an action to foreclose the Brown mortgage.   It is the contention of the respondents' counsel that by commencing his action Brown forfeited any equitable claim he may have had upon the rents.   The commencement of Brown's action was delayed for a year and a half after the commencement of the bank action. The sequel shows that the bank suffered no injury by the foreclosure of Brown's mortgage.   The propriety of commencing that action was conceded by the attorneys for the bank, for, after interposing an answer, they withdrew it for the purpose of facilitating the entry of judgment and sale of the premises under the Brown foreclosure.   The sale of the premises was what both parties desired.   Brown remained a party to the bank action all the time.   It is true it was not necessary to further prosecute the prior action to obtain a sale of the owner's equity in the property mortgaged, for that had been disposed of by the sale under the Brown foreclosure.   We find nothing in the record tending to show bad faith in the commencement or prosecution of the Brown foreclosure. The special term, as appears from the opinion in the record, put its decision of the motion upon the ground that the order appointing the receiver was made at the request of the bank, and for its protection, and that, as the receivership was not extended for the benefit of the Brown mortgage, the holder of that mortgage had no claim upon the rents.   It appears to us that the special term court overlooked the fact that Brown was a party to that action, and that the order appointing the receiver was, in its terms, general, and not for the benefit of any particular party.

The authorities referred to by the trial justice, and those referred to in the brief of the counsel for the respondents to sustain the order, are cases where either the order appointing the receiver directed that the money should be applied in a specified manner, or were orders made in cases where the party claiming the fund was not a party to the action in which the receiver was appointed.   As Mr. Brown, down to the time he commenced the action to foreclose his mortgage, was equitably entitled to the rents, and he having remained a party to the bank's action until the time of the granting of the order appealed from, and the bank's interests under its mortgage not having been in any manner injuriously affected by the commencement and prosecution of the Brown action, we are not able to discover any reason for holding that Brown forfeited his right to the rent money by the commencement of his action.   We think that

under the circumstances of this case, the receiver having been appointed for the benefit of all parties, the fund should be distributed according to priority of liens, and upon principle and authority Brown is entitled to this fund to be applied on his mortgage. The following authorities sustain our conclusion: Miltenberger v. Railway Co., 106 U. S. 307, 1 Sup. Ct. Rep. 140; Keogh v. McManus, 34 Hun, 521; Williamson v. Gerlach, 41 Ohio St. 682; Beach, Rec. § 554. The order appealed from should be reversed, and an order entered directing the receiver to pay to the counsel for the respondents, for their services in procuring the appointment of a receiver, the sum of $50, and to pay the balance of the fund in his hands to the appellant, Thomas Brown. All concur.